GARY LOGAN, ESQ.
Nevada Bar No. 000302
300 South Fourth St., Suite 701
Las Vegas, NV  89101
(702) 385-9900
garylogan@earthlink.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KONSTANTIN ZOGGOLIS, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) |
| WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company; | ) **COMPLAINT** |
| | ) Jury Trial Demanded |
| Defendant. | ) |

COMES NOW, Plaintiff, Konstantin Zoggolis, and alleges against the Defendant, Wynn Las Vegas as follows:

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

**I.**

Jurisdiction is founded on diversity of citizenship and amount under 28 U.S.C. § 1332 in that Plaintiff is a citizen and resident of the Republic of Germany and Defendant, Wynn Las Vegas, LLC is a limited liability company existing under the laws of the State of Nevada, having its principal place of business in the State of Nevada.  The matter in controversy exceeds exclusive of interest and costs the

1  sum of Seventy Five Thousand Dollars ($75,000.00).

**II.**

Prior to the filing of this Complaint, Plaintiff was a casino patron of the Wynn Hotel for approximately five (5) years.

**III.**

On a date unknown to both Plaintiff and Defendant, Plaintiff entered into a credit agreement with Defendant. In that agreement, Defendant agreed to cancel or reduce Plaintiff's credit line upon Plaintiff's request.

**IV.**

The undated credit agreement indicates a credit line request in the amount of $150,000.00. On November 12, 2008, Plaintiff directed Defendant in writing that his credit line with Defendant should be limited to $250,000.00. On November 13, 2008, Defendant informed Plaintiff in writing that Plaintiff's credit line would be limited to $250,000.00 based upon Plaintiff's request.

**V.**

Nevada Gaming Commission Regulation 5.170(4) requires every gaming licensee, that engages in the issuance of credit, to implement a program that allows casino patrons to self-limit their access to the issuance of credit. Such programs are required to contain standards and procedures that allow a patron to be prohibited from access to the issuance of credit. Plaintiff exercised his right to self-limit his access to the issuance of credit pursuant to N.G.C.R. 5.170(4).

**VI.**

By failing to limited Plaintiff's credit line to $250,000.00, Defendant was in material breach of the credit agreement such that Plaintiff's duty to repay any markers in access of $250,000.00 was discharged under common law contract principles. Defendant made an express promise to Plaintiff in the credit application that if it granted Plaintiff a line of credit it would cancel or reduce his credit line upon his request. Defendant made this promise for the purpose of ensuring responsible gaming. This credit cancellation promise is a material term of the bilateral contract between Plaintiff and Defendant.

**VII.**

The credit application and the markers were part of the same transaction such that a material breach of the credit agreement serves as a breach of contract defense to the enforcement not only of the credit application but all markers in excess of $250,000.00.pursuant to NRS 104.3117.

**SECOND CAUSE OF ACTION**
**RECOUPMENT**

**VIII.**

Plaintiff repeats and realleges all of the allegations contained in Paragraphs I through VII.

**IX.**

The doctrine of recoupment allows a person to defend against a claim by asserting, up to the amount of the claim, a person's own claim against the claimant

-3-

growing out of the same transaction or set of transactions.

**X.**

Plaintiff is seeking to recover from Defendant the sum of $1,300,000.00 evidenced by eleven (11) "markers" issued to him during the September /October 2010 time frame. Plaintiff has not sued Defendant to recover what it claims is owed to it by Defendant but instead has requested the Clark County District Attorney's office to prosecute Plaintiff under the Nevada bad check statute, NRS 205.130, to collect that which Defendant claims is due and owing to it.

**XI.**

Plaintiff has a claim against Defendant for $1,050,000.00 which represents the amount of casino credit extended to him beyond his self-limited amount of $250,000.00. Plaintiff has an absolute right to reduce Defendant's demand by $1,050,000.00 because Defendant has not complied with its cross-obligation under the credit agreement to limit Plaintiff's credit line to $250,000.00.

**THIRD CAUSE OF ACTION**
**INJUNCTIVE RELIEF**

**XII.**

Plaintiff repeats and realleges all of the allegations contained in Paragraphs I through XI.

**XIII.**

Defendant has requested the Clark County District Attorney's office to prosecute Plaintiff pursuant to NRS 205.130 commonly referred to as the Nevada

-4-

"bad check" statute.

**XIV.**

If criminal proceedings are commenced against Plaintiff at the direction of Defendant in an effort to collect invalid debts, Plaintiff will suffer irreparable harm before a decision on the merits can be rendered. The balance of hardships favor injunctive relief against Defendant because the potential harm from erroneously granting an injunction is slight compared to the potential harm Plaintiff will sustain from erroneously denying it.

WHEREFORE, Plaintiff, Konstantin Zoggolis, prays for judgment against Defendant, Wynn Las Vegas, LLC as follows:

1. For the sum of $1,050,000.00 plus pre-judgment interest from the date of filing of this Complaint.

2. For an injunction prohibiting Defendant from initiating criminal proceedings against Plaintiff under the Nevada "bad check" statute.

3. For all costs of suit and disbursements incurred by Plaintiff in maintaining this action.

/ / /

/ / /

/ / /

/ / /

/ / /

4.   For reasonable attorney fees incurred by Plaintiff in pursuing this action.

5.   For such other and further relief as this Court may deem just and proper.

*/s/ Gary Logan, Esq.*
GARY LOGAN, ESQ.
701 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV  89101
Attorney for Plaintiff